# P. W. SANDS v. AMERICAN RAILWAY EXPRESS COMPANY.[1]

April 4, 1924.

No. 23,782.

**Law of the case when question of Federal law is involved.**

1. The doctrine of the law of the case is a rule of practice and not a principle of substantive law nor a limitation of power. When the question is one of Federal law the court on appeal from a judgment will follow its interpretation. of the decisions of the Supreme Court of the United States, in view of later holdings of that court, though it brings a result different from that reached on a former appeal from an order denying a motion for a new trial in the same case.

**Defendant not liable for full value of property lost.**

2. The evidence does not sustain a finding of actual conversion making the express company liable for the full value of property lost notwithstanding the limitation of liability in the express receipt issued pursuant to the Cummins amendment of August 9, 1916, 39 St. 441, c. 301, Comp. St. § 8604a, overruling Sands v. American Railway Exp. Co. 154 Minn. 308.

After the former appeal reported in 154 Minn. 308; 197 N. W. 721, and the going down of the remittitur, judgment was entered pursuant to the verdict. From the judgment, defendant appealed. Reversed.

*Davis, Kellogg, Severance & Morgan, Henry H. Sullivan* and *A. M. Hartung,* for appellant.

*Paul Ahles,* for respondent.

DIBELL, J.

Action in the district court of Stearns county to recover for the loss of trunks. There was a verdict for the plaintiff. On a former appeal the order denying a new trial was affirmed. 154 Minn. 308, 197 N. W. 721. Upon the going down of the remittitur judgment

[1]Reported in 198 N. W. 402.

was entered for the plaintiff upon the verdict for the full value of the property. The defendant appeals from the judgment.

1. At the first hearing on the former appeal it was held that there was an actual conversion. The effect of the failure on the part of the shipper to sign the shipping receipt was left undecided. A reargument was granted. We then held that under the Cummins amendment of August 9, 1916, 39 St. 441, c. 301, U. S. Comp. St. § 8604a, the express receipt was binding upon the shipper, though he did not sign it, following American Railway Exp. Co. v. Lindenberg, 260 U. S. 584, 43 Sup. Ct. 206, 67 L. ed. 414. We adhered to the holding that there was an actual conversion which rendered the express company liable irrespective of the declaration of value.

It is now contended that the determination upon the former appeal upon the question of actual conversion is the law of the case, and that we should not reconsider it on an appeal from the judgment. We have held strictly to the socalled doctrine of the law of the case, and have refused upon a second appeal to reconsider what has been determined upon a prior one. This doctrine, however, is a rule of practice and not a principle of substantive law. It does not express a limitation of power. Standard Lithographing Co. v. Twin City Motor Speedway Co. 145 Minn. 5, 176 N. W. 347; Messenger v. Anderson, 225 U. S. 436, 32 Sup. Ct. 739, 56 L. ed. 1152. The question involved is one of Federal law. If the view of the Supreme Court of the United States is contrary to the view reached upon a former hearing, our duty is to follow its guide, interpreting its decisions in the light of its later holdings, though in doing so we do not abide by the rule of practice embodied in the phrase the law of the case, and though we reach a different result from that reached on a former appeal. We consider anew the question of conversion.

2. In the opinion on the reargument a discussion was had of most of the pertinent cases. We felt then, as we feel now, that there may be what we then termed a conscious conversion, illustrations of which were put, that would place the carrier in such position that it could not insist upon the declared value as the measure of recovery. Further consideration leads us to the conclusion that

this is not such a case and that our prior holding in this respect was wrong. There was negligence of the company. It should not have made the mistake that it did. The conversion, however, was not intended for its own advantage, nor was it in fact so. It was a conversion not more blamable than when the employes of a railway take for their own use property in the custody of the carrier for carriage. In such cases it is generally held, as noted on the former appeal, that the company is not liable beyond the terms of the receipt.

It is the policy of the Cummins amendment to put an end to litigation over the value of property lost in carriage. In the individual case there may be hardship and loss, as in this, and there may seem to be injustice. The shipper usually pays no attention to the valuation clause, probably knows nothing of it, and gets a favorable rate. There is no genuine bargaining between the carrier and the shipper. The shipper does not balance the advantage of a favorable rate against the chance of loss. If there is no loss he gets the favorable rate and nothing is thought of it. If there is loss, there comes, if there is no restriction, wasteful litigation over value. Congress thought that as a matter of policy there should be a rate varying with valuation, that the parties must abide by the value given, that litigation over it should stop, and that individual instances of hardship, resultant upon the enforcement of the contract, should yield.

Since our former decision, American Railway Express Co. v. Levee, 263 U. S. 19, 44 S. Ct. 11, 68 L. ed. 4, has been decided. That case does not foreclose argument here. In connection with the cases which it cites, some of which along with others are cited on the rehearing in the former case, it seems to us to indicate the Federal view. As we interpret it the carrier, under the facts disclosed, is not liable as for an actual conversion. The decision before reached is overruled, the judgment from which the appeal is taken is reversed, and judgment is directed in favor of the plaintiff for the declared value with interest notwithstanding the verdict returned.

Judgment reversed.