**In re the Marriage of Mary Louise Erickson DOBRIN, n/k/a Mary Louise Erickson, f/k/a Mary Louise Cooney, Respondent,**

v.

**Dale Thomas DOBRIN, petitioner, Appellant.**

No. C6–96–1054.

Supreme Court of Minnesota.

Sept. 25, 1997.

Raymond M. Lazar, Judy S. Engel, Fredrikson & Byron, P.A., Minneapolis, for Appellant.

Ronald D. Ousky, Gelhar & Ousky, P.A., Bloomington, for Respondent.

OPINION

STRINGER, Justice.

We review the decision of the court of appeals affirming the trial court's award on

remand of permanent spousal maintenance in the monthly amount of $2,975 to Mary Louise Dobrin, n/k/a Mary Louise Erickson. *Dobrin v. Dobrin,* 555 N.W.2d 921 (Minn. App.1996). In recognition of the continuing debate over the circumstances in which permanent spousal maintenance is appropriate within the guidelines of Minn.Stat. § 518.552 and our recent decision in *Gales v. Gales,* 553 N.W.2d 416 (Minn.1996), we take this opportunity to address the question again in what might best be characterized as a unique factual and procedural context. We reverse the decision of the court of appeals and modify the judgment and decree of marital dissolution in accordance with this decision.

The parties to this action were married on September 3, 1989, and this marital dissolution proceeding was commenced 2 1/2 years later on January 17, 1992. The judgment and decree of dissolution was entered on December 20, 1993, valuing the marital and nonmarital assets, approximately equally dividing the marital property and denying Mary Louise Erickson's application for temporary spousal maintenance. The trial court found that because the marriage was short and Erickson was both trained and experienced in the labor market, no spousal maintenance was appropriate. Erickson appealed from the judgment, challenging both the property division and the denial of her request for "a reasonable amount of spousal maintenance" until she could obtain reemployment.

The court of appeals affirmed the property division, but, despite the fact that Erickson had only sought a temporary award of spousal maintenance, the court identified the factors of Minn.Stat. § 518.552, subd. 1 upon which it relied and determined that the trial court abused its discretion in denying the award of maintenance in the first instance and went on to conclude that the award must

be permanent. *See* Minn.Stat. § 581.552, subd. 3 (1996) ("Where there is some uncertainty as to the necessity of a permanent award, the court shall order a permanent award leaving its award open for later modification.").

The court of appeals concluded that the record demonstrated that Erickson is " 'unable to provide adequate self-support * * * through appropriate employment.' " *Dobrin v. Dobrin,* C8–94–967, slip op. at 4, 1995 WL 2230 (Minn.App., filed Jan. 3, 1995) (unpublished), *pet. for rev. denied* (Minn., March 1, 1995) quoting Minn.Stat. § 518.552, subd. 1(b) (1996). In buttressing its conclusion, the court of appeals observed that "the trial court's assumption that appellant's [Erickson's] education would enable her to support herself adequately remains purely theoretical and speculative as long as her state of unemployment persists," and it relied on what it characterized as Erickson's "significant health problems." *Id.* We denied review.

On remand, the district court[1] reviewed the evidence and found that Erickson had not been awarded sufficient assets in the property division to provide for her support and that, despite her extensive training and experience,[2] her age and physical condition had made it difficult to obtain employment despite her "appropriate and assertive efforts" to do so. The trial court acknowledged the "marriage's short duration," but commented upon the fact that the parties had a 20–year relationship and that Erickson had detrimentally relied upon the financial security she assumed upon marriage in abandoning her stable career. In the February 11, 1994 order, the trial court awarded Erickson permanent spousal maintenance in the monthly amount of $2,975 and attorney fees. On appeal, the court of appeals affirmed in all respects. *Dobrin v. Dobrin,* 555 N.W.2d 921 (Minn.App.1996).

1. On remand, this matter was assigned to a different judge than had originally presided. Neither party has challenged that substitute assignment. See Minn. R. Civ. P. 63; *Kornberg v. Kornberg,* 542 N.W.2d 379 (Minn.1996).

2. Erickson had a nursing degree, a Pediatric Nurse Associate Certificate and a Masters of Public Health Degree from the University of Minnesota. Early in her career, she worked as a direct

patient care nurse and later in administration and teaching positions in the public health arena. In 1984, she was hired by the Minnesota Nurses Association and, at the time of her voluntary resignation from her position in June 1990, she had assumed the position of Coordinator for the Peer Assistance Program for Nurses, earning $48,000 per year.

Dale Dobrin urges review of the award of permanent spousal maintenance, but acknowledges that, as a general rule, an appellate court decision on a particular issue establishes the "law of the case," not subject to reexamination on a second appeal of the same case. *See Lange v. Nelson–Ryan Flight Service, Inc.*, 263 Minn. 152, 155–56, 116 N.W.2d 266, 269 (1962). He urges us to apply the exception identified in *Sands v. American Railway Express Co.*, 159 Minn. 25, 198 N.W. 402 (1924), contending that during the pendency of the two appeals, there has been a change in the law by a judicial ruling entitled to deference. *See Brezinka v. Bystrom Bros., Inc.*, 403 N.W.2d 841 (Minn.1987). To support that assertion, he argues that this court's decision in *Gales v. Gales*, 553 N.W.2d 416 (Minn.1996) broadly changed the law with regard to spousal maintenance identifying as the *Gales'* holding a statement that reads in pertinent part that:

> [T]o consider an award of permanent maintenance, there must be an exceptional case such as the dissolution of a long-term traditional marriage in which there is an older, dependent spouse who has little likelihood of achieving self-sufficiency because of an absence from the labor market for a long period of time.

*Id.* at 421. By taking this statement out of its context, Dobrin misapprehends *Gales'* holding—that the trial court abused its discretion in awarding permanent spousal maintenance where the party seeking that award has failed to sustain her burden of demonstrating entitlement under the requisite statutory criteria. *Gales* did not change the law, but instead applied the criteria of Minn.Stat. § 518.552, subd. 2 to the record. We take this opportunity to remind counsel that each marital dissolution proceeding is unique and centers upon the individualized facts and circumstances of the parties and that, accordingly, it is unwise to view any marital dissolution decision as enunciating an immutable rule of law applicable in any other proceeding.

We are concerned that the multiple proceedings and the result of the two decisions of the court of appeals could have the effect of distorting the statutory framework for the award of spousal maintenance, particularly where the continuing jurisdiction of the district court with regard to spousal maintenance, Minn.Stat. § 518.64 virtually assures the filing of a future motion to modify the permanent award ordered by the trial court. It is important for us to clarify the guidelines for any later exercise of the trial court's jurisdiction.

Spousal maintenance is defined as an award of "payments from the future income or earnings of one spouse for the support and maintenance of the other," Minn.Stat. § 518.54, subd. 3 (1996), and may be granted if the spouse seeking maintenance demonstrates that he/she:

> (a) lacks sufficient property, including marital property apportioned to the spouse, to provide for reasonable needs of the spouse considering the standard of living established during the marriage, especially, but not limited to, a period of training or education, or
>
> (b) is unable to provide adequate self-support, after considering the standard of living established during the marriage and all relevant circumstances, through appropriate employment, or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

Minn.Stat. § 518.552, subd. 1 (1996).

When the trial court has determined that it is appropriate to award maintenance, the amount and duration of the award are to be established by the court in consideration of many factors, a number of which are enumerated in Minn.Stat. § 518.552, subd. 2. The legislature has decreed that "[w]here there is some uncertainty as to the necessity of a permanent award, the court shall order a permanent award leaving its order open for later modification." Minn.Stat. § 518.552, subd. 3 (1996).

In the matter before us, the initial trial court denied Erickson's motion for an award of temporary spousal maintenance, stating that "[i]n view of the shortness of the marriage and the training and job experience of [Erickson], no spousal maintenance is appropriate in this matter." While the trial court's

finding does not explicitly address each of the multiple criteria, its analysis of the factors is implicit in its decision. The record here demonstrates that Erickson resigned her employment position in June 1990, that she filed her marital dissolution petition in January 1992 and that she did not begin an active work search until May 1993, one month before trial was scheduled to begin. At that time, she drafted her resume, attended a job fair, spoke to nursing contacts, examined the newspaper and a professional newsletter, and made applications for only three positions. The trial court presumably concluded that Erickson's relatively short absence from the labor market and only recent few attempts to secure employment were insufficient to demonstrate the need for a spousal maintenance award.

The record also indicates that although in 1992, Erickson suffered from a variety of physical problems including Lyme's disease, a toxic goiter requiring surgery, chronic back pain and depression associated with the dissolution proceedings, her own testimony indicates that by August 1993, she felt "pretty good" and that her health did not preclude her from working.

Despite this evidence however, the court of appeals concluded that Erickson "has experienced significant health problems," that she remains unemployed since her absence from the work force in 1990 and that "the record does not show that her failure to find employment is the result of any bad faith on her part." *Dobrin*, C8–94–967, slip op. at 5.

As we have stated on many occasions, the trial court has broad discretion in deciding whether to award maintenance and before an appellate court determines that there has been a clear abuse of that discretion, it must determine that there must be a clearly erroneous conclusion that is against logic and the facts on record. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). We reiterate Chief Justice Amdahl's observation in *Sefkow v. Sefkow* as follows:

We have criticized before the court of appeals' misapplication of the scope of review when it has usurped the role of the trial court by reweighing the evidence and finding its own facts: "Appellate review of custody[3] determinations is limited to whether the trial court abused its discretion by making findings unsupported by the evidence or by improperly applying the law."

427 N.W.2d 203, 210 (Minn.1988) (citations omitted).

The consequence of the court of appeals' decision is the ultimate shifting of the burden of proof contemplated by the spousal maintenance statute. Implicit in Minn.Stat. § 518.552 is that the spouse seeking maintenance demonstrate the need therefor—the original trial court concluded that Erickson had not met that burden. Nevertheless, by operation of the court of appeals' decision, if Dobrin should seek to terminate his maintenance obligation, he now bears the burden of demonstrating a substantial change of circumstances from those existing at the time of the original hearing. *See* Minn.Stat. § 518.64, subd. 2 (1996). If Erickson has chosen not to reenter the labor market, and the court of appeals' decision must represent a disincentive to do so, Dobrin is caught in the converse of the dilemma we identified in *Nardini v. Nardini*, 414 N.W.2d 184, 198–99 (Minn.1987)[4]—that he is unable to establish

---

**3.** While this comment was offered with regard to a child custody issue, it is equally appropriate in this proceeding.

**4.** In *Nardini*, the trial court awarded temporary spousal maintenance to a spouse where her prospect of becoming self-supporting was, at best, uncertain. We observed:

An award of temporary maintenance is based on the assumption that the party receiving the award not only should strive to obtain suitable employment and become self-supporting but that he or she will attain that goal. Although equity would support modification of the temporary award if that person cannot become fully self-supporting during the period of the temporary award, a petition for modification does not comfortably fit the statutory format. The basis for modification of an award of maintenance is a change of circumstances which makes the terms of the award unreasonable or unfair—substantially increased or decreased earnings or need of a party, receipt of public assistance, or a change in the cost-of-living. Minn.Stat. § 518.64 (1986). Although the court is required on a motion for modification to apply, in additional to all relevant factors, the factors for an award of maintenance

any substantial change in circumstances justifying his relief from a permanent obligation.

 In our view, the legislature has provided for an award of temporary or permanent spousal maintenance in those instances where the spouse seeking maintenance makes the requisite showing of need but the record here demonstrates, at best, the need for a temporary award that would facilitate Erickson's attainment of self-sufficiency. If there was uncertainty with regard to her employment prospects, it was created only by her minimal affirmative efforts at obtaining reemployment as exhibited by this record. Accordingly, we reverse the decision of the court of appeals and remand this matter to the trial court for modification of the judgment and decree of marital dissolution to

provide for an award of temporary spousal maintenance of $2,975 per month for a period of one year commencing with the filing of this decision in addition to these amounts already received. Of course, the trial court retains its continuing jurisdiction pursuant to Minn.Stat. § 518.64, subd. 2 to entertain a motion by either party to modify that award. While we do not disturb earlier awards of attorney fees, no attorney fees are awarded in connection with this appeal.

Reversed and remanded with instructions.

under section 518.552, the person who cannot secure employment or who can become only partially self-supporting is hard pressed to meet the burden of proving either that the petitioner's earnings have decreased or his or her need has increased. The actual fact is that the change in the petitioner's circumstances is insufficient or nonexistent, yet by the terms of the decree maintenance is to cease. *Nardini* at 198–99.