**Todd Allen FOSTER, petitioner, Appellant,**

v.

**Jennifer Elizabeth FOSTER, Respondent.**

**No. A10–1775.**

Court of Appeals of Minnesota.

June 27, 2011.

Gregory D. Dittrich, Dittrich Law Firm, P.A., Oakdale, MN, for appellant.

Allison R. Gonzalez, Fogel Law Offices, P.A., St. Louis Park, MN, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge; TOUSSAINT, Judge; and CONNOLLY, Judge.

## OPINION

TOUSSAINT, Judge.

This appeal is from a district-court order granting respondent-mother Jennifer Elizabeth Foster's petition to change her child's surname pursuant to Minn.Stat. § 259.11(a) (2010). Because the district court did not abuse its discretion by concluding that the name change is in the child's best interests and because appellant-father Todd Allen Foster failed to establish that the evidence in support of the change was not clear and compelling that the substantial welfare of the child necessitated the name change, we affirm.

## FACTS

Appellant and respondent married in August 2004. In February 2009, respondent gave birth to the couple's only child, N.M.F. A petition to dissolve the marriage was filed in Hennepin County District Court in November 2009.

Appellant and respondent entered into a marital-termination agreement. The parties stipulated to joint physical and joint legal custody of the child and to a parenting-time schedule. Because appellant and respondent were unable to reach a complete settlement of issues related to the marriage dissolution, the district court scheduled a pretrial hearing.

Respondent requested in pretrial briefing that the child's surname be changed from "Foster" to "Soliday–Foster" because she planned to revert to "Soliday," her name before marriage, following the dissolution. Appellant opposed the request, arguing that the child's surname should not be changed because respondent's name may change again if she remarries. The parties were unable to reach an agreement on the name-change request at the pretrial hearing, and the district court scheduled a trial.

At trial, appellant and his father testified in opposition to changing the child's surname. Respondent testified in support of the change. The district court concluded that it is in the child's best interests to change the child's surname to "Soliday–Foster" and granted respondent's name-change request.

## ISSUE

Did the district court abuse its discretion by concluding that it was in the child's best interests to change the child's surname?

## ANALYSIS

Appellant argues that the district court erred by granting respondent's request to change the child's surname from "Foster" to "Soliday–Foster." We review a district court's grant of a request to change a child's name for abuse of discretion. *In re Welfare of C.M.G.,* 516 N.W.2d

555, 561 (Minn.App.1994). A district court abuses its discretion when evidence in the record does not support the factual findings, the court misapplied the law, or the court settles a dispute in a way "that is against logic and the facts on record." *Dobrin v. Dobrin,* 569 N.W.2d 199, 202 (Minn.1997); *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984).

■ Section 259.10, subdivision 1, of the Minnesota Statutes governs the initial procedure that a parent must follow to request that a district court change a child's name. Minn.Stat. § 259.10 (2010). The section also states "that no minor child's name may be changed without both parents having notice of the pending of the application for change of name, whenever practicable, as determined by the court." *Id.* If the parent requesting the name change meets the statutory procedural requirements, the district court must grant the request to change the child's name unless, among other considerations not relevant here, "the court finds that such name change is not in the best interests of the child." Minn.Stat. § 259.11(a).

In *In re Saxton,* the supreme court set forth five non-exclusive factors for determining whether a proposed name change is in a child's best interests. 309 N.W.2d 298, 301 (Minn.1981). The *Saxton* factors are: "(1) how long the child has had the current name; (2) any potential harassment or embarrassment the change might cause; (3) the child's preference; (4) the effect of the change on the child's relationship with each parent; and (5) the degree of community respect associated with the present and proposed names." *LaChapelle v. Mitten,* 607 N.W.2d 151, 166 (Minn.App.2000), *review denied* (Minn. May 16, 2000) (citing *Saxton,* 309 N.W.2d at 301).

■ If neither parent of the child opposes the request to change the child's name, the district court must grant the request after determining that the name change is in the child's best interests. Minn.Stat. § 259.11(a). But if a parent of the child opposes the name-change request, the district court must examine the evidence and arguments of the parent opposing the request. *Robinson v. Hansel,* 302 Minn. 34, 36, 223 N.W.2d 138, 140 (1974). To prevent the district court from granting the request, the opposing parent must establish that evidence in support of the name change is not "clear and compelling that the substantial welfare of the child necessitates such change." *Id.* The district court should grant a name-change request over the objection of a parent "with great caution." *Id.* The district court must "set forth clear and compelling reasons for its decision" whether the court grants or denies a request to change a child's name. *C.M.G.,* 516 N.W.2d at 561.

Appellant argues that the district court abused its discretion by granting respondent's request because changing the child's name is not in the child's best interests. Appellant asserts that respondent's request to change the child's name related to the respondent's own interest in changing her surname back to "Soliday" after the marriage dissolution, not the child's best interests. Further, appellant contends that evidence in support of changing the child's name was not clear and compelling.

The district court applied the five *Saxton* factors to determine whether the name change is in the child's best interests. On the first factor, the length of time the child had the surname "Foster," the district court determined that the child had not maintained his name for a significant amount of time because he was not yet two years old. The district court concluded that the factor would not weigh against the name-change request.

Next, the district court examined the potential harassment or embarrassment the child would face if his surname was changed to "Soliday–Foster." The district court concluded that "there is nothing inherently embarrassing" about the surname "Soliday" and that the factor "does not favor either party's position." Further, the district court addressed and dismissed three arguments made by appellant. First, the district court dismissed appellant's argument that a hyphenated surname is "synonymous with divorce or being born out of wedlock," reasoning that a hyphenated name could indicate parents who wanted their child to have each parent's surname. Second, the district court dismissed appellant's concerns that a hyphenated surname would not fit on sports uniforms, asserting that the concern was "very minor" and "likely can be mitigated simply through the use of a smaller font." Third, and finally, the district court acknowledged appellant's concerns that the child might be "confused or ridiculed" if respondent marries another man and takes that man's surname. But the district court stated that it credited respondent's testimony "that she does not intend to simply take any future husband's surname."

On the third factor, the district court concluded that the child is too young to express a preference about his surname and proposed changes to his surname. In analyzing the fourth factor, the name change's effect on the relationship between the child and each parent, the district court likewise reasoned that changing the child's surname would have no positive effect on the respondent or negative effect on the appellant because of the child's young age.

The district court evaluated the fifth factor, the degree of community respect associated with the present and proposed name, by contrasting the respect for respondent's and appellant's surnames in the community. Although appellant's surname "Foster" is "well-regarded" in his home state, appellant is the only member of his family living in Minnesota. In contrast, the district court found that respondent's surname "Soliday" is well-known and respected in the "south metro area" because of her family's long-time community involvement. The district court concluded that the factor weighed in favor of the proposed name change because the child "may be subject to wider, immediate, acceptance in the local south metro community based upon his immediate link to the Soliday name through a hyphenated surname."

Finally, the district court concluded that it is in the child's best interests to grant the request to change the child's surname. The district court stated that its conclusion rested on two grounds. First, the child would benefit from the respect afforded to the "Soliday" surname in the community. Second, the child would benefit because he would face less confusion after respondent changes her name back to "Soliday." Accordingly, the district court granted respondent's petition to change the child's name.

We conclude that the district court did not abuse its discretion because evidence in the record supports the court's conclusion that it is in the child's best interests to change the child's surname. Respondent's testimony that she does not intend to simply take a future husband's surname supports the district court's finding that the child would not be confused or ridiculed about his name if respondent remarries. Further, testimony of appellant and respondent supports the district court's finding that a name change would not improve the child's relationship with respon-

dent or harm the child's relationship with appellant.

Additionally, respondent's testimony regarding the respect for the "Soliday" name in the community supports the district court's finding that the child would benefit from having "Soliday" as part of his surname. Finally, respondent's testimony that the name change would provide the child "a sense of belonging to both families" supports the district court's finding that the name change would reduce the child's confusion after respondent changes her name back to "Soliday." Because evidence in the record supports the district court's conclusion that the name change is in the child's best interests, the court did not abuse its discretion.

Some of appellant's arguments invite this court to reweigh the evidence presented to the district court on whether the name change is in the child's best interests. We decline the invitation to do so because we are not permitted to reweigh the evidence when reviewing a district court's decision to determine whether the court abused its discretion. *Dobrin,* 569 N.W.2d at 202. Our review is limited to evaluating whether the record supports the court's findings or whether the court properly applied the law. *Id.*

Finally, the district court's order indicates that the court properly examined appellant's arguments opposing respondent's request to change the child's name. *See Robinson,* 302 Minn. at 36, 223 N.W.2d at 140. The order also suggests that the district court used "great caution" in granting the name-change request over appellant's objection. *Id.* We conclude that the district court did not abuse its discretion by determining that appellant failed to establish that respondent's evidence in support of the name change was not "clear and compelling that the substan-tial welfare of the child necessitates such change." *Id.*

## DECISION

Because evidence in the record supports the district court's conclusion that granting the respondent's request to change the child's surname is in the child's best interests and because appellant failed to establish that evidence in support of the name change was not clear and compelling, we conclude that the district court did not abuse its discretion by granting the request.

**Affirmed.**