*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1261**

In re the Marriage of: Michelle Curtis, petitioner,
Appellant,

vs.

Christopher John Hanna,
Respondent.

**Filed June 1, 2015
Affirmed
Reyes, Judge**

Olmsted County District Court
File No. 55F501001729

David L. Liebow, Thomas R. Braun, Restovich Braun & Associates, Rochester, Minnesota (for appellant)

Kristine L. Dicke, Ryan & Grinde, Ltd., Rochester, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Hudson, Judge; and Stoneburner, Judge.[*]

## U N P U B L I S H E D   O P I N I O N

**REYES**, Judge

On appeal from the district court's denial of her motion to modify her maintenance award, appellant-wife argues (1) the record does not support the district court's finding

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art, VI, § 10.

that she failed to make an adequate effort to rehabilitate and (2) she was entitled to a rebuttable presumption that the existing maintenance award was unreasonable and unfair. We affirm.

**FACTS**

Appellant Michelle Curtis and respondent Christopher Hanna were married in 1990 in British Columbia, Canada. The parties have three children, all of whom are now emancipated. The parties separated in 2001 and negotiated a marital-termination agreement (MTA) executed on January 30, 2004. The district court later entered a dissolution judgment based on the MTA and, pursuant to the stipulated judgment, appellant was granted sole physical custody of the children and resided in New Zealand.

The judgment required respondent to pay appellant $2,600 per month in spousal maintenance, and stated that respondent's maintenance obligation would terminate after (1) a liquidation of joint holdings yielded appellant $1,000,000; (2) appellant's remarriage, cohabitation with an unrelated adult male, or the death of either party; or (3) a period of ten years, set to end on January 31, 2014. Respondent's spousal-maintenance obligation received biannual cost-of-living adjustments and could be adjusted based on appellant's employment and education.

At the time of the dissolution, appellant earned NZ$11.00[1] per hour working as a part-time gardener, while respondent earned a gross annual income of $205,000. Following the dissolution, appellant worked in administrative positions for various

---

[1] "NZ$" refers to the New Zealand dollar. All monetary amounts mentioned in this opinion that are not designated "NZ$" are in U.S. dollar amounts.

companies in New Zealand. Appellant's most recent position was with Apollo Medical Centre, where she worked 24 hours per week at NZ$25.75 per hour as a quality administrator. Appellant's position with Apollo was discontinued in 2012 due to restructuring. Apollo offered appellant two options: (1) a redundancy payout of NZ$5,098.50 or (2) an opportunity to apply for one of two newly created positions. One position was full time with an annual salary of NZ$50,960, and the other was part time with an annual salary of NZ$38,837.76. Appellant did not apply for either of these positions. Appellant submitted 13 job applications in 2012, none in 2013, and is currently unemployed. Appellant acknowledges that she has not obtained any additional education or training, as was discussed at the time of dissolution. She cites various factors that prevented any additional education, including financial resources, the children's needs, credits not transferring, and medical conditions.

Between 2005 and 2012, respondent worked for Varian Medical Systems as a software sales manager. He received bonuses and incentives on top of his base salary and averaged an annual income of approximately $427,766.40. At the time of appellant's modification motion, respondent worked for OneMedNet Corporation as an executive, where he earned an annual salary of approximately $225,000 plus stock options and a bonus of up to 50% of his annual salary. The parties agree that it is reasonable to expect respondent's average annual income at OneMedNet to be substantially similar to his previous income.

Appellant served a motion seeking modification of the spousal-maintenance obligation on January 3, 2014. In her motion, appellant asked the district court to extend

spousal maintenance by five years and increase the award from $2,600 to $12,000 per month. The district court denied her motion. The district court reasoned that appellant had not made adequate efforts at rehabilitation sufficient to modify the provisions of the originally stipulated decree. The district court stated that although respondent's change in income constitutes a substantial change in circumstances, appellant failed to demonstrate how those changes rendered the original decree unreasonable or unfair. Appellant submitted a motion for amended findings, which the district court denied. This appeal follows.

## D E C I S I O N

This court reviews a district court's decision concerning modification of spousal maintenance for an abuse of discretion. *Hecker v. Hecker*, 568 N.W.2d 705, 710 (Minn. 1997). A district court abuses its discretion if it makes a "clearly erroneous conclusion that is against logic and the facts on record." *Dobrin v. Dobrin*, 569 N.W.2d 199, 202 (Minn. 1997).

Appellant makes two arguments on appeal: (1) the record does not support the district court's finding that she failed to make an adequate effort to rehabilitate and (2) the district court failed to grant her a rebuttable presumption that the existing maintenance award is unreasonable and unfair.

## I.     Whether appellant undertook sufficient efforts to rehabilitate.

A reviewing court defers to a district court's findings of fact and will uphold them unless they are clearly erroneous. *Antone v. Antone*, 645 N.W.2d 96, 100 (Minn. 2002). "Findings of fact are clearly erroneous where an appellate court is left with the definite

4

and firm conviction that a mistake has been made." *Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008) (quotation omitted).

Here, the district court awarded temporary spousal maintenance of $2,600 per month to appellant. *See* Minn. Stat. § 518.552, subd. 2 (2014) (stating that "maintenance order[s] shall be in amounts and for periods of time, either temporary or permanent"). "After temporary maintenance has been awarded, an obligee generally has the duty to rehabilitate." *Youker v. Youker*, 661 N.W.2d 266, 269 (Minn. App. 2003), *review denied* (Minn. Aug. 5, 2003). Rehabilitation efforts include an "implied duty to pursue (1) further education and (2) better employment." *Id*. at 270. In accordance with this duty, the Minnesota Supreme Court has affirmed the attribution of income to a spouse who "chose not to make any serious effort at obtaining vocational training or work experience." *Hecker*, 568 N.W.2d at 708, 710.

The district court did not commit clear error in finding that appellant failed to make reasonable efforts to rehabilitate. Appellant sought limited educational or vocational training to further her job prospects despite living in close proximity to three universities. The only training appellant received during the maintenance period—CPR training, a money management certificate, a two-day course on quality management, and a 48-hour course on Reiki massage training—was unrelated to her employment field and did not serve to increase her prospects for employment. In addition, appellant's claim that jobs were simply unavailable is undercut by the fact that Apollo invited her to apply for two newly created openings when her position was discontinued in 2012, but appellant chose not to apply. And while appellant applied to a number of other jobs in

5

2012, the majority of these were part-time positions in unrelated fields. Since those initial submissions, appellant has submitted no applications for employment and has not enrolled in any educational or vocational training.

Appellant next argues that she was unable to rehabilitate because of health issues and asserts that the district court erred by inappropriately highlighting respondent's health concerns while minimizing appellant's. But the district court specifically addressed appellant's health concerns and detailed her gallbladder removal, peritonitis, adhesions and scar tissue, hearing loss, and fibromyalgia. After acknowledging these afflictions, the district court simply disagreed with appellant's claim that they rendered her incapable of securing employment. Such a finding is supported by the record. Appellant's own documents fail to state that she is incapable of self-support. In fact, one medical report indicates that her abdominal pain level is "moderate" and another states that "everything appears to be moving in the right direction with her blood tests returning to within the normal range and her abdominal examination showing no signs of significance." Moreover, it is unclear how appellant's health conditions affected her employment search when most of them occurred prior to her losing the position at Apollo in 2012. Because this finding is not "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole," the district court did not commit clear error. *Rogers v. Moore*, 603 N.W.2d 650, 656 (Minn. 1999) (quotation omitted).

Lastly, appellant briefly argues that her childcare responsibilities limited her to part-time work and that the district court erred by disregarding this limitation. On the contrary, the district court stated that "[w]hile caring for the joint children certainly

limited [appellant's] options, she was afforded ample time to formulate a plan and acquire meaningful education and training these past ten years." The district court also noted that the children were all enrolled in school at the time of the decree with busing available as transportation. Moreover, at the time appellant first became unemployed, the youngest child was already 17 years old. Accordingly, the district court's finding that it "does not find [appellant] credible in this regard" is not clearly erroneous. *See Antone*, 645 N.W.2d at 100; *Gada v. Dedefo*, 684 N.W.2d 512, 514 (Minn. App. 2004) (stating that appellate courts "neither reconcile conflicting evidence nor decide issues of witness credibility, which are exclusively the province of the factfinder").[2]

A review of the record reveals that there is "reasonable evidence . . . to support the [district] court's findings." *See Rasmussen v. Two Harbors Fish Co.*, 832 N.W.2d 790, 797 (Minn. 2013) (quotation omitted). Although appellant may believe that the record possesses some support for a finding of rehabilitation, there is not enough to conclude that the district court's finding was clearly erroneous. *See Vangsness v. Vangsness*, 607 N.W.2d 468, 474 (Minn. App. 2000) ("That the record might support findings other than those made by the [district] court does not show that the court's findings are defective.").

---

[2] We also note that the parties entered into a marital termination agreement that was negotiated by the parties and specifically contemplated appellant's needs. The Minnesota Supreme Court has "cautioned the district court to exercise its considerable discretion carefully and only reluctantly when it is faced with a request to alter the terms of an agreement which was negotiated by the parties." *Beck v. Kaplan*, 566 N.W.2d 723, 726 (Minn. 1997).

**II.** **Whether appellant was entitled to a rebuttable presumption that the original maintenance order was unreasonable and unfair**.

A district court may modify spousal maintenance if a substantial change in circumstances makes the original amount unreasonable and unfair. *See* Minn. Stat. § 518A.39, subd. 2(a) (2014). Changed circumstances can be established by showing a substantial increase or decrease in the gross income or need of either the obligee or the obligor. *Id.* The movant for modification bears the burden of demonstrating a substantial change in circumstances that renders the original maintenance amount unreasonable and unfair. *Beck*, 566 N.W.2d at 726.

The modification statute also provides for (1) a presumption of a substantial change in circumstances and (2) a rebuttable presumption of unreasonableness and unfairness of an existing "support order" if "the gross income of an obligor or obligee has decreased by at least 20 percent through no fault or choice of the party." Minn. Stat. § 518A.39, subd. 2(b)(5) (2014); *see* Minn. Stat. § 518A.26, subd. 21 (a)(3) (2014) (defining "support order" to include an order awarding spousal maintenance). Appellant argues that because her unemployment resulted in a total loss of income, she was entitled to a rebuttable presumption of unreasonableness and unfairness. Appellant contends that the district court did not honor this presumption because paragraph 45 of its findings reads: "[Appellant] failed, however, to demonstrate that the aforementioned changes render the original [d]ecree unreasonable and unfair." Appellant argues this paragraph indicates that the district court improperly believed that the burden was on appellant to

8

show the decree was unreasonable and unfair when section 518A.39, subdivision 2(b)(5), entitles her to a rebuttable presumption on that exact issue.

We reject appellant's argument for three reasons. First, despite having previously moved the district court for – among other things – amended findings of fact, the first time appellant makes her argument that paragraph 45 shows that the district court failed to accord her the statutory presumption of unreasonableness and unfairness is in her brief to this court. On this record, we conclude that the argument is not properly before this court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that, generally, appellate courts address only those questions previously presented to and considered by the district court).

Second, because paragraph 45 states that appellant failed "to *demonstrate* that the aforementioned changes render the original [d]ecree unreasonable and unfair[,]" (emphasis added) (*i.e.*, because the language of paragraph 45 addresses whether appellate *showed* unreasonableness and unfairness rather than whether appellant was entitled to a *presumption* of unreasonableness and unfairness), a fair reading of paragraph 45 suggests that it does not address whether appellant is entitled to the statutory presumption but whether appellant actually shows unreasonableness and unfairness. And any ambiguity on the point indicates that appellant did not carry her burden of affirmatively showing error by the district court: "[O]n appeal error is never presumed. It must be made to appear affirmatively before there can be reversal . . . [and] the burden of showing error rests upon the one who relies upon it." *Waters v. Fiebelkorn*, 216 Minn. 489, 495, 13 N.W.2d 461, 464-65 (1944); *see Loth v. Loth*, 227 Minn. 387, 392, 35 N.W.2d 542, 546

9

(1949) (quoting *Waters* in a family law appeal); *Luthen v. Luthen*, 596 N.W.2d 278, 283 (Minn. App. 1999) (applying *Loth* in a family law appeal).

Third, even if we review appellant's argument as presented and assume that the district court committed an error, a remand would still be unnecessary because appellant failed to show prejudice resulting from the assumed error. *See Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 306 Minn. 352, 356, 237 N.W.2d 76, 78 (1975) (stating that to prevail on appeal, an appellant must show both error and prejudice resulting from the error). The district court's order makes clear that a presumption of unreasonableness and unfairness would be rebutted by appellant's failure to make reasonable efforts to rehabilitate, as previously discussed. In short, even if it is assumed both that the question is properly before this court and that the district court erred in not granting appellant a rebuttable presumption, doing so would not change the result. *See* Minn. R. Civ. P. 61 (requiring harmless error is to be ignored); *Grein v. Grein*, 364 N.W.2d 383, 387 (Minn. 1985) (declining to remand for additional findings because it was clear the district court would arrive at the same decision). Therefore, appellant was not prejudiced, and a remand is not warranted.

**Affirmed.**