**In re the Marriage of Barbara Jean GUYER, petitioner, Respondent,**

v.

**Randall Lee GUYER, Appellant.**

**No. C3–98–903.**

Court of Appeals of Minnesota.

Jan. 19, 1999.

Jane A. Kammerman, Minneapolis, MN (for respondent).

Michael E. Stephan, Minnetonka, MN (for appellant).

Considered and decided by CRIPPEN, Presiding Judge, WILLIS, Judge, and FOLEY, Judge.*

## OPINION

CRIPPEN, Judge

Appellant Randall Guyer contends that the trial court erred in its determination that respondent Barbara Guyer, through her attorney or accountant, could for three years have access to the corporate records of a business owned by appellant and his brother.

### FACTS

The parties, who have two minor children, were divorced in 1991. Sole physical custody of both children of the marriage was placed with respondent. Years later, the parties agreed that the older child, L.G., could spend her summer vacation with appellant, a care arrangement that began early in June 1997.

Later in June 1997, respondent initiated motion proceedings to obtain a child support modification order that would increase appellant's monthly support obligation from $688

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

to $1,381. In response, appellant moved for an order that L.G. be placed in his physical custody and that his child support obligation be "adjusted" to reflect the custody change. In an affidavit accompanying appellant's motion, he claimed that bonuses paid by his company were not guaranteed and, at that time, it was too early to tell whether he would receive a bonus that year. At the end of the following month, when the company's fiscal year ended, appellant was paid a $50,-000 bonus. He and his brother are each 50 percent shareholders in their corporation, Vent–A–Hood.

Respondent, both personally and through her attorney, made a number of requests that L.G. be returned to her custody. On September 10, respondent obtained an ex parte order directing appellant to comply with the provision of the judgment granting her sole physical custody of the children. Appellant did not comply, and L.G. continued to live with him.

In December 1997, the parties entered into a stipulation resolving several issues. The parties agreed that L.G.'s placement with appellant would be permanent, subject to reasonable visitation by respondent. They further agreed that appellant would pay twenty-five percent of his net bonus as child support. They left several issues, including whether appellant needed to provide corporate records to respondent, for resolution by the trial court.

In an order finalized in March 1998, the trial court placed sole physical custody of L.G. with appellant and required appellant to disclose for the next three years his corporate records, which were to be available to respondent through her attorney or accountant. The court also modified appellant's support obligation, accounting for the custody change, effective February 1, 1998.

## ISSUE

Did the trial court err in requiring appellant to disclose financial records from appellant's corporation to respondent for three years?

## ANALYSIS

 Appellant submits his objection to the trial court's order to disclose his corporate financial records as a proposition of law, contending that the court had no power under governing rules or statutes to make this order. This court can act de novo to correct erroneous applications of the law. *Maxfield v. Maxfield*, 452 N.W.2d 219, 221 (Minn. 1990). Absent an error of law, the trial court's shaping of a child support order will be upheld so long as it does not constitute an abuse of the court's discretion. *See Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984) (trial court has broad discretion in determining child support and its determination will be upheld unless there is a clearly erroneous conclusion that is against logic and the facts on the record).

Appellant argues that disclosure under Minn. R. Civ. P. 26.02 is confined to pending cases and that a continuing disclosure requirement is not lawful. Similarly, appellant points to the limited scope of a disclosure statute, Minn.Stat. § 518.551, subd. 5b (1998), which provides for various methods of determining income, including disclosure of income tax returns every other year, or more often with good cause.

There is no occasion here to examine the scope of the rule or statute cited by appellant. Although both parties debate these questions, both parties ignore Minn.Stat. § 518.17, subd. 3(a)(3) (1998), which requires a just and proper determination of child support. We examine the propriety of this disclosure in light of the trial court's more important power to shape an equitable child support award. *See Murphy v. Murphy*, 574 N.W.2d 77, 81–82 (Minn.App.1998) (state has a compelling interest in assuring parents provide support for their children).

 The trial court's decision to mandate disclosure of these records is proper given the court's continuing jurisdiction to fulfill the purpose of the child support laws and the court's concern in anticipating the future in an orderly fashion, and avoiding repeated motions and a repeated discovery process. *See id.* (noting function of child support laws). We also recognize the need for the sharing of bonus earnings to provide for a

just and proper amount of support, and the appropriate concern of the trial court that the information might not be available without this form of monitoring.[1] We do not find that the husband has wrongfully failed to disclose information, but we do acknowledge the court's concern.

■ Appellant also contends that the trial court erred in determining the date of commencement of the child support modification that reflects the change in physical care of L.G. Appellant claims a basis in Minn.Stat. § 518.57, subd. 3 (1998), for his assertion that his support obligation should have been modified retroactively to the date that L.G. was integrated into his home. *Id.* (providing that the court may consider a support obligation satisfied by direct provision of care for a child "integrated into the family of the obligor with the consent of the obligee"). But L.G. could only be said to be integrated into appellant's home with respondent's consent after the December 10, 1997, stipulation of the parties. Because retroactive modification is within the discretion of the trial court, we conclude that the minor differences between a December and a February commencement of the date of modification do not constitute an abuse of the trial court's discretion. *See Finch v. Marusich,* 457 N.W.2d 767, 770 (Minn.App.1990) (the use of "may" in Minnesota statutes is permissive, *see* Minn.Stat. § 645.44, subd. 15 (1998), and the trial court has broad discretion to set the effective date of support modification); Minn. Stat. § 518.64, subd. 2(d) (1998) (permissive "may" on modification); Minn.Stat. § 518.57, subd. 3 (permissive "may" on satisfaction by direct provision of care).

### DECISION

The trial court did not abuse its discretion either in requiring appellant to provide his corporation's financial records to respondent or in setting a date for the commencement of

child support modification. We award respondent $1,000 in attorney fees on appeal.

Affirmed.

---

1. Because the issue has not been raised by the parties, we have not examined the question of whether the disclosure requirement in this case is over-broad, reaching to irrelevant items of information. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (we will not consider issues not raised below).