In re the Marriage of Catherine
M. KAMPF, petitioner,
Respondent,

v.

Mark N. KAMPF, Appellant.

No. A06–799.

Court of Appeals of Minnesota.

June 12, 2007.

Lisa Meier, Honsa & Michaels, P.A., Minneapolis, MN, for respondent.

Christopher D. Johnson, Rebecca A. Chaffee, Best & Flanagan LLP, Minneapolis, MN, for appellant.

Considered and decided by SHUMAKER, Presiding Judge, KALITOWSKI, Judge; and WILLIS, Judge.

## OPINION

SHUMAKER, Judge.

Appellant husband challenges the district court's dissolution judgment and decree, arguing that the district court abused its discretion by awarding spousal maintenance in excess of respondent wife's needs. On notice of review, respondent argues that the district court abused its discretion by not requiring appellant to maintain life insurance to secure the maintenance award. Because the district court did not abuse its discretion in determining the amount of spousal maintenance, but abused its discretion by not requiring life insurance to secure the award, we affirm in part, reverse in part, and remand.

## FACTS

Appellant Mark N. Kampf and respondent Catherine M. Coryell (f/k/a Catherine M. Kampf) married in 1976. The parties have two children together, both of whom are now adults. Coryell did not work outside the home after 1983 and before that earned a modest salary working as a bank teller, secretary, and receptionist. Kampf was the primary wage earner during the marriage, working as a successful executive earning an average annual income of $656,207 from 2002 to 2004. The parties amassed substantial savings and retirement accounts during the marriage.

The parties separated in early 2004, and Coryell filed for dissolution in July 2004. After a five-day bench trial, the district court found that Coryell's reasonable and necessary monthly expenses are $9,005. The calculation included $360 for Coryell's savings and $333 for her retirement savings.

The district court ordered Kampf to pay Coryell $14,240 per month in temporary spousal maintenance through June 2008, and $13,000 in permanent spousal mainte-

nance starting July 2008. Both parties moved the district court for amended findings or a new trial on various grounds. Kampf argued that Coryell's reasonable and necessary monthly expenses are overstated by including savings and that her actual income would be higher if she itemized her tax deductions and claimed a head-of-household filing status. Coryell also requested a new trial on the ground that the district court improperly failed to require Kampf to maintain life insurance as security for her spousal maintenance.

The district court issued amended findings, but did not modify the spousal-maintenance award or require Kampf to maintain life insurance as security for the award. The district court explained that it found Coryell's reasonable and necessary monthly expenses to be $9,005, excluding taxes, and that it "considered federal and state income tax withholding when determining the appropriate amount of spousal maintenance." The district court denied Kampf's request to itemize Coryell's deductions and to require a certain filing status because "[c]alculating ... net income assuming a head of household filing status, adult dependents and itemized deductions is speculative as these assumptions change from year to year." The district court also concluded that Coryell did not show "exceptional circumstances to warrant the requirement that [Kampf] carry life insurance to cover his spousal maintenance obligation." This appeal followed.

## ISSUES

1. Did the district court abuse its discretion when calculating Coryell's reasonable expenses by including amounts for savings and retirement in the spousal-maintenance award?

2. Did the district court abuse its discretion by awarding Coryell $14,240 in monthly temporary spousal maintenance and $13,000 in monthly permanent spousal maintenance and not requiring Coryell to itemize her tax deductions and file as a head-of-household?

3. Did the district court abuse its discretion by not requiring Kampf to maintain life insurance as security for the spousal-maintenance award because Coryell did not prove exceptional circumstances?

## ANALYSIS

We review a district court's spousal-maintenance award under an abuse-of-discretion standard. *Dobrin v. Dobrin*, 569 N.W.2d 199, 202 (Minn.1997). A district court abuses its discretion regarding maintenance if its findings of fact are clearly erroneous. *Gessner v. Gessner*, 487 N.W.2d 921, 923 (Minn.App.1992). Findings of fact are clearly erroneous when they are "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *Tonka Tours, Inc. v. Chadima*, 372 N.W.2d 723, 726 (Minn.1985). This court reviews legal questions de novo. *Modrow v. JP Foodservice, Inc.*, 656 N.W.2d 389, 393 (Minn.2003).

Spousal maintenance is awarded when a party shows sufficient, reasonable need. *See Snyder v. Snyder*, 298 Minn. 43, 53, 212 N.W.2d 869, 875 (1973) (stating that the purpose of spousal maintenance is to provide for a party's needs, not to create a profit-sharing plan). Spousal maintenance is appropriate when the requesting spouse lacks sufficient property or is otherwise unable to provide adequate self-support for his or her reasonable needs in light of the standard of living established during the marriage. Minn.Stat. § 518.552, subd. 1 (2006). The district court considers a variety of factors when setting the duration and amount of an award of spousal maintenance, including

(1) the petitioning spouse's ability to meet his or her needs independently; (2) the time necessary for the party seeking maintenance to acquire sufficient training or education to enable the party to find appropriate employment; and (3) the duration of the marriage and the standard of living established during the marriage, among other factors. *Id.*, subd. 2. No single factor is dispositive, and the district court must weigh the facts of each case to determine whether maintenance is appropriate. *Weikle v. Weikle*, 403 N.W.2d 682, 687 (Minn.App.1987), *review denied* (Minn. June 30, 1987).

### 1. *Savings and Retirement Savings*

■ Kampf argues that the district court abused its discretion by including savings as a part of Coryell's spousal maintenance. Kampf contends that the monthly combined $693 in savings and retirement savings are not reasonable or necessary expenses and improperly provide Coryell with a share of his future earnings. We disagree.

Kampf cites three cases to support his argument, all of which are distinguishable from this case. First, he cites *Rask v. Rask*, 445 N.W.2d 849, 854 (Minn.App. 1989), in which the court of appeals excluded a speculative mortgage payment from a maintenance award. But the obligee in *Rask* "merely 'estimated' that a $610 monthly payment would be required to purchase the type of home she wants...." *Id.* Thus, the disputed mortgage expense in *Rask* was not the product of the marital standard of living, unlike the savings at issue here. The same is true of *Kemp v. Kemp*, 608 N.W.2d 916, 922 (Minn.App. 2000), in which the obligee's margin account loan payment was "temporary and more in the nature of an investment."

Finally, Kampf's reliance on *Sefkow v. Sefkow*, 427 N.W.2d 203, 216 (Minn.1988),

is also misplaced. In *Sefkow*, the Minnesota Supreme Court reversed a maintenance award that included an amount for savings because the obligee failed to "show that her living expenses exceeded her spendable income." *Id.* Kampf does not dispute that Coryell's expenses exceed her spendable income, and therefore *Sefkow* does not apply.

Here, the record shows that the parties accumulated substantial savings, investment, and retirement accounts in excess of $340,000 throughout their 28–year marriage. On this record, we hold that the parties' savings and retirement planning were an integral part of their standard of living during the marriage. Accordingly, the district court did not abuse its discretion by including savings expenses in Coryell's reasonable monthly expenses. Further, because the record supports the amount of the savings expenses allowed by the district court, the figure of $693 per month is not clearly erroneous.

### 2. *Tax Consequences*

Kampf also argues that the district court overstated Coryell's reasonable needs because it failed to require Coryell to itemize her tax deductions and claim a head-of-household filing status. Kampf contends that forcing Coryell to itemize her deductions and claim a head-of-household status would increase her cash flow, thereby decreasing her needs.

■ The district court, after considering the tax consequences of the award, determined that itemizing Coryell's tax deductions with a certain filing status would be unreasonable as one's tax liabilities and status can vary year-to-year. On this record, and given the arguments made in this appeal, the district court acted within its discretion when it considered the tax consequences of the maintenance award.

Although both parties presented evidence regarding the tax consequences if Coryell itemizes her deductions, there is also evidence of the marginal federal and state tax rates. The district court applied a tax rate of 36.7% to Coryell's income, which is well within the limits of the marginal rates set forth in the record. The district court acted within its discretion by applying the marginal tax rates, and it had a "reasonable and supportable basis for making an informed judgment as to [the] probable liability." *Maurer v. Maurer*, 623 N.W.2d 604, 608 (Minn.2001) (quotation omitted).

### 3. Life Insurance

On notice of review, Coryell challenges the district court's finding that she failed to prove "exceptional circumstances" warranting Kampf to maintain life insurance as security for her spousal maintenance. She argues that the district court abused its discretion by applying the "exceptional case" standard, which she contends no longer applies since the 1985 amendments to the spousal-maintenance statutes. We agree.

■ The district court "has discretion to consider whether the circumstances justifying an award of maintenance also justify securing it with life insurance." *Laumann v. Laumann*, 400 N.W.2d 355, 360 (Minn. App.1987), *review denied* (Minn. Nov. 24, 1987); *see Head v. Metro. Life Ins. Co.*, 449 N.W.2d 449, 453 (Minn.App.1989) (stating "[t]he decision whether to require security and how much under the circumstances, lies within the broad discretion of the [district] court."), *review denied* (Minn. Feb. 21, 1990). Factors justifying security for a spousal-maintenance award include the obligee's age, education, vocational experience, and employment prospects. *Maeder v. Maeder*, 480 N.W.2d 677, 679–

80 (Minn.App.1992), *review denied* (Minn. Mar. 19, 1992).

■ The district court applied the exceptional-case standard to Coryell's request, but that rule applied to requests for permanent maintenance before the 1985 statutory amendments, which eliminated the exceptional-case requirement for awarding permanent spousal maintenance. *See Chamberlain v. Chamberlain*, 615 N.W.2d 405, 411 (Minn.App.2000) (stating "[t]he purpose of the 1985 amendments was to eliminate the negative presumption against permanent maintenance."), *review denied* (Minn. Oct. 25, 2000); *compare Arundel v. Arundel*, 281 N.W.2d 663, 667 (Minn.1979) (stating pre–1985, exceptional-case test for securing permanent spousal maintenance with life insurance), *with Katter v. Katter*, 457 N.W.2d 750, 754–55 (Minn.App.1990) (confirming that after 1985 the decision to secure a maintenance award with life insurance lies "almost wholly within the trial court's discretion" (quotation omitted)). We hold that the 1985 statutory modification for awarding permanent maintenance also eliminated the parallel exceptional-case test for securing permanent maintenance awards with life insurance. Therefore, the district court abused its discretion by applying the exceptional-case test.

■ Additionally, the circumstances in this case compel us to conclude that the district court abused its discretion by refusing to require Kampf to carry life insurance as security. Coryell's age, education, work experience, and employment prospects weigh heavily in favor of securing the maintenance award with life insurance. *Maeder*, 480 N.W.2d at 680. After a 28–year marriage, Coryell is now 52 years of age with a high-school equivalency degree, limited work experience, and an ability to earn $14,872 per year after training. Under these circumstances, the district court

abused its discretion by denying Coryell's request to require Kampf to maintain life insurance to secure the maintenance.

## DECISION

The district court acted within its discretion by including amounts for savings and retirement in the spousal-maintenance award when the savings were an integral part of the marital standard of living and when the amounts included are not clearly erroneous on this record. Similarly, on this record, the district court did not abuse its discretion by applying the marginal tax rates when the tax figure is supported by the record. Finally, the district court abused its discretion by applying the exceptional-case test when deciding whether to secure the maintenance award with life insurance and by not requiring life insurance under the facts in this case.

**Affirmed in part, reversed in part, and remanded.**