*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2395**

In re the Marriage of:
DeWayne Stanley Farr, petitioner,
Appellant,

vs.

Sophia Marie Farr,
Respondent.

**Filed December 1, 2014
Affirmed
Smith, Judge**

Freeborn County District Court
File No. 24-FA-12-604

John T. Burns, Jr., Burns Law Office, Burnsville, Minnesota (for appellant)

Ellen Weinberg, Weinberg Law Office, PLLC, Albert Lea, Minnesota (for respondent)

Considered and decided by Smith, Presiding Judge; Larkin, Judge; and Bjorkman, Judge.

## U N P U B L I S H E D   O P I N I O N

**SMITH**, Judge

We affirm the district court's judgment awarding permanent maintenance to respondent because the evidence presented at trial reasonably supports the district court's factual finding that respondent is unable to work.

**FACTS**

Appellant DeWayne Farr petitioned for dissolution of his marriage to respondent Sophia Farr in March 2012. The district court held a trial in May 2013 to determine, among other issues, spousal maintenance. At trial, respondent testified that she received a bachelor's degree in sociology prior to the marriage in 1990 and pursued, but did not complete, a nursing degree in the early years of the marriage. In addition, she testified that, during the marriage, she was a stay-at-home mother with infrequent employment stints outside the home, but that she had most recently been employed in customer service. She quit her customer service position after being diagnosed with cancer because the treatment interfered with her ability to perform. Respondent also testified that, although her treatment ceased in January 2013, she continues to suffer from long-term side effects, including vision problems, neuropathy, headaches, pain, and fatigue, and that she may require more treatment. Because the side effects have impaired her memory and ability to process new information and have left her weak and tired, she testified, she was not currently employable. Respondent testified that, if her health permits, she intends to seek work in the future. Finally, respondent testified that her primary source of income was "Social Security disability" income.

Based upon respondent's testimony about her health and her disability income, the district court found that she was currently unable to work and awarded her permanent spousal maintenance of $515 per month. Appellant then moved for amended findings, arguing that, without any additional evidence documenting her condition, respondent's testimony was insufficient to satisfy her burden to show that she is unable to support

2

herself. After a hearing, the district court denied appellant's motion because respondent's testimony regarding her cancer diagnosis, the effects of her treatment, and her Social Security disability payments was uncontroverted and reasonably supported the finding that respondent was unable to work.

## DECISION

We review a district court's maintenance award under an abuse-of-discretion standard. *Dobrin v. Dobrin*, 569 N.W.2d 199, 202 (Minn. 1997). "There must be a clearly erroneous conclusion that is against logic and the facts on record before this court will find that the [district] court abused its discretion." *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984). "Findings of fact are clearly erroneous when they are manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *Kampf v. Kampf*, 732 N.W.2d 630, 633 (Minn. App. 2007) (quotation omitted), *review denied* (Minn. Aug. 21, 2007). A finding is clearly erroneous only when, viewing the record in a light most favorable to the district court's decision and deferring to its credibility determinations, "the reviewing court is left with the definite and firm conviction that a mistake has been made." *Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn. App. 2000) (quotation omitted).

The district court may grant spousal maintenance when it finds that the party seeking maintenance lacks sufficient property to provide for the party's own reasonable needs or is unable to obtain adequate support through employment. Minn. Stat. § 518.552, subd. 1 (2012). The district court must consider all relevant factors, including the parties' financial resources, the likelihood of the party seeking maintenance becoming self-

3

supporting, the standard of living during the marriage, the duration of the marriage, the length of absence from employment, opportunities lost by the party seeking maintenance, age and the physical and emotional condition of that party, and each party's contribution to the marital property. *Id.*, subd. 2 (2012). The district court weighs these factors under the particular circumstances of the case to determine whether spousal maintenance is needed, and if so, the amount and duration of the award. *See Kampf*, 732 N.W.2d at 633-34. "The issue is, in essence, a balancing of the recipient's need against the obligor's ability to pay." *Prahl v. Prahl*, 627 N.W.2d 698, 702 (Minn. App. 2001) (citing *Erlandson v. Erlandson*, 318 N.W.2d 36, 39-40 (Minn. 1982)). "[N]o single statutory factor . . . is dispositive," and "each case must be determined on its own facts." *Erlandson*, 318 N.W.2d at 39.

Appellant first argues that, by relying on respondent's testimony alone, the district court impermissibly shifted the burden to appellant to show that respondent is able to work. Appellant's argument fails because it was within the discretion of the district court to determine whether respondent's testimony was credible and whether it satisfied her burden of showing an inability to work. Respondent's uncontroverted testimony at trial that she had undergone treatment for cancer, continued to suffer from debilitating side-effects of that treatment, and may need further treatment supports the finding that respondent is unable to work. While respondent did testify that she hoped to be able to work in the future, that statement did not contradict her testimony that she currently is unable to work and does not expect an improvement in her condition. Even though respondent did not attempt to enter her medical records in evidence or call other witnesses, the district court

found her testimony credible. Because there is support in the record in the form of respondent's testimony, the district court's finding was not clearly erroneous.

In his brief, appellant refers to documentation that respondent provided during discovery showing that the "Social Security disability" income respondent receives is actually Social Security Supplemental Security Income based on a finding of disability, which is awarded under a different regulation. However, appellant did not offer the documentation as evidence at trial, and it does not appear in the record on appeal. Because the documentation is not part of the record, we will not consider it. *See AFSCME, Council No. 14 v. Scott Cnty.*, 530 N.W.2d 218, 222-23 (Minn. App. 1995) (noting that a district court may disregard improper references to evidence outside the record), *review denied* (Minn. May 16, June 14, 1995).

Appellant next argues that the district court wrongly gave res judicata effect to the disability determination made by the Social Security Administration. Again, appellant's argument fails because it was within the discretion of the district court to determine whether respondent's testimony that she was receiving "Social Security disability" income was credible. The record indicates that appellant did not object to respondent's testimony and made no attempt to offer contradictory evidence or impeach respondent. Deeming uncontroverted testimony to be credible is not giving res judicata effect to the district court's disability determination. Moreover, the district court did not rely on that evidence alone in determining respondent's ability to work, but merely considered it as one item among others in the record, which support the contention that respondent is unable to work.

Because there is support in the record in the form of respondent's testimony, the district court's finding is not clearly erroneous.

In reaching the conclusion that permanent maintenance of $515 per month should be awarded, the district court properly considered the factors provided in Minn. Stat. § 518.552, subd. 2. First, the district court considered each party's monthly income and expenses, which are not disputed by the appellant. Second, the district court considered respondent's physical condition and examined the likelihood that she may become self-supporting, which it concluded was unlikely in her current state of health. Third, the district court considered respondent's education and training in nursing, which it determined was outdated after approximately 20 years. Next, the district court looked at absence from the workplace and possible lost opportunities to develop a career. It concluded that by becoming a stay-at-home mother, respondent gave up opportunities to become a nurse and otherwise develop a work history that may have positively impacted her present income. After balancing these factual findings and other undisputed factors, the district court determined that permanent maintenance was appropriate. Because the district court conducted the appropriate analysis based on its factual findings, the district court did not abuse its discretion because its factual findings are reasonably supported by the record.

**Affirmed.**