*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1660**

In re the Marriage of: Kumiko Olivia Highley, petitioner,
Respondent,

vs.

Christopher Alan Kvaal,
Appellant.

**Filed November 16, 2015
Affirmed in part, reversed in part, and remanded
Hooten, Judge**

Stearns County District Court
File No. 73-FA-12-3483

Kay R. Snyder, Anthony J. Weigel, Jeddeloh and Snyder, P.A., St. Cloud, Minnesota (for respondent)

Claudia M. Revermann, Revermann Law, P.A., Waite Park, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Halbrooks, Judge; and Worke, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

In this marital dissolution dispute, appellant father argues that the district court erred by: (1) including an extraneous and prejudicial finding of fact in the amended judgment and decree; (2) awarding respondent mother temporary spousal maintenance;

(3) not imputing income to mother for child support purposes; and (4) awarding mother need-based attorney fees. We affirm in part, reverse in part, and remand.

## FACTS

Appellant father Christopher Alan Kvaal and respondent mother Kumiko Olivia Highley were married on October 7, 1999. During their marriage, the parties had three children, all of whom were minors at the time of the dissolution. In April 2012, Highley petitioned for legal separation. In June 2013, Kvaal answered and counter-petitioned for dissolution of the parties' marriage. The district court held a dissolution trial on December 9–10, 2013. On February 26, 2014, the district court issued partial stipulated findings of fact, conclusions of law, order for judgment, and judgment and decree, which dissolved the parties' marriage and distributed the marital property. On May 14, 2014, the district court issued findings of fact, conclusions of law, order for judgment, and judgment and decree, which determined custody, parenting time, spousal maintenance, and child support and awarded Highley need-based attorney fees.

Kvaal moved to amend the judgment and decree, challenging the district court's inclusion of an allegedly prejudicial finding, the spousal maintenance and child support determinations, and the attorney fee award. Highley moved to amend the judgment and decree and for additional need-based attorney fees. The district court denied Highley's motion, but granted in part and denied in part Kvaal's motion. On July 24, 2014, the district court issued amended findings of fact, conclusions of law, order for judgment, and judgment and decree. The only amendment, though, was the phrasing of a finding of fact relating to Highley's allegations of domestic abuse. This appeal by Kvaal followed.

2

# DECISION

## I.

Kvaal argues that the district court abused its discretion by including an "unfairly prejudicial" finding in the amended judgment and decree related to the district court's custody determination. In her petition, Highley sought sole legal and physical custody of the children. In his counter-petition, Kvaal sought joint legal and physical custody. In support of her claim for sole legal and physical custody, Highley tried to establish that Kvaal had committed domestic abuse during the marriage, as defined in Minn. Stat. § 518B.01, subd. 2(a) (2014) (defining domestic abuse, in pertinent part, as physical harm, bodily injury, assault, or criminal sexual conduct). Highley testified that Kvaal sexually assaulted her in November 2011. Kvaal disputed this allegation.

In the initial judgment and decree, the district court included these findings: "There was an allegation by [Highley] that [Kvaal] 'raped' her with forced sex, and if proven, [this] would have constituted domestic abuse under the statute. But this evidence was inconclusive." The district court found that Highley had not shown that domestic abuse had occurred between the parties or between Kvaal and the children. In rejecting Highley's allegation of sexual assault, the district court awarded joint legal custody of the children to the parties and awarded sole physical custody to Highley. Kvaal was awarded significant parenting time with the children.

In his motion to amend the judgment and decree, Kvaal asked the district court to strike the above-quoted language, arguing that the language was "inflammatory" and "unfairly prejudicial and [did] not serve to offer any benefit or substance to the [c]ourt's

ultimate [c]onclusions and [o]rder." Kvaal also argued that he "is a respected academic and to have this be part of the public record is harassing and could serve to harm his and his family's economic well-being." Kvaal apparently wanted the district court simply to find that Highley had not shown that domestic abuse occurred in the marriage, without any further explanation. Kvaal did not claim, however, that the district court mischaracterized Highley's allegation of sexual assault.

In its order granting in part and denying in part Kvaal's motion, the district court replaced the word "'raped'" with "sexually assaulted," but otherwise left the language the same. The district court reasoned that "[t]he subject of rape was a central point advanced by" Highley and took "a significant portion of the [c]ourt's time and consideration at the court trial." The district court concluded that to remove the substance of Highley's allegation would "make the [judgment and decree] incomplete, and would affect the [c]ourt's overall analysis and conclusions stemming from that allegation."

On appeal, Kvaal repeats the arguments he made below and correctly notes that the amended judgment and decree is a publicly accessible document. *See* Minn. R. Pub. Access to Recs. of Jud. Branch 4 (indicating that, with listed exceptions, "[a]ll case records are accessible to the public"). We reject Kvaal's contention that the district court abused its discretion by retaining the disputed language. First, we agree with the district court that it needed to indicate the nature of the parties' dispute for its findings to be reasonably complete. Second, Kvaal's concern about the harm that could befall him as a result of the language in the judgment and decree is speculative. While the district court relayed Highley's allegation, it specifically found that the evidence supporting the

4

allegation was "inconclusive" and that Highley had not shown that domestic abuse occurred, which lessen any prejudicial impact on Kvaal. Moreover, a finding of domestic abuse creates a rebuttable presumption against an award of joint legal custody. Minn. Stat. § 518.17, subd. 2(b) (2014). The district court, by awarding joint legal custody to the parties, rejected Highley's allegation of domestic abuse. And, the district court further considered Highley's unproven allegation of domestic abuse when it partially denied her claim for need-based attorney fees. Because Highley's allegation of domestic abuse was a prominent issue in the trial that affected her claims for sole legal and physical custody of the children, child support, and attorney fees, and the prejudice to Kvaal was lessened by the district court's rejection of the allegation, the district court did not abuse its discretion by retaining the disputed language in the amended judgment and decree.

## II.

Kvaal next argues that the district court abused its discretion in awarding spousal maintenance to Highley. We will not reverse a district court's decision regarding spousal maintenance unless the district court abused its discretion by improperly applying the law or making clearly erroneous findings. *Melius v. Melius*, 765 N.W.2d 411, 414 (Minn. App. 2009). "Findings of fact are clearly erroneous when they are manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *Kampf v. Kampf*, 732 N.W.2d 630, 633 (Minn. App. 2007) (quotation omitted), *review denied* (Minn. Aug. 21, 2007); *see also Prahl v. Prahl*, 627 N.W.2d 698, 702 (Minn. App. 2001) ("A finding is clearly erroneous if the reviewing court is left with the definite

5

and firm conviction that a mistake has been made." (quotation omitted)). "[W]hether the district court applied the correct legal standard is a question of law, which we review de novo." *Thompson v. Thompson*, 739 N.W.2d 424, 430 (Minn. App. 2007).

In a dissolution proceeding, the district court may award spousal maintenance to either spouse if it finds that, in light of the standard of living established during the marriage, the spouse seeking maintenance (a) "lacks sufficient property, including marital property apportioned to the spouse, to provide for [the] reasonable needs of the spouse," or (b) "is unable to provide adequate self-support . . . through appropriate employment." Minn. Stat. § 518.552, subd. 1 (2014).

If the district court finds that a maintenance award is appropriate, it then determines the amount and duration of the award by considering "all relevant factors," including: (a) the financial resources of the spouse seeking maintenance, including marital property apportioned to that spouse and his or her ability to meet needs independently; (b) the time necessary for the spouse seeking maintenance to become self-supporting; (c) the marital standard of living; (d) the duration of the marriage and a homemaker spouse's length of absence from employment; (e) the loss of employment benefits and opportunities foregone by the spouse seeking maintenance; (f) the age, physical condition, and emotional condition of the spouse seeking maintenance; (g) the ability of the spouse from whom maintenance is sought to meet his or her needs while meeting the needs of the spouse requesting maintenance; and (h) the contribution of each spouse in the acquisition of marital property and the contribution of a homemaker spouse in furtherance of the other spouse's employment or business. *Id.*, subd. 2 (2014). "No

6

single factor is dispositive." *Maiers v. Maiers*, 775 N.W.2d 666, 668 (Minn. App. 2009). "The purpose of a maintenance award is to allow the recipient and the obligor to have a standard of living that approximates the marital standard of living, as closely as is equitable under the circumstances." *Peterka v. Peterka*, 675 N.W.2d 353, 358 (Minn. App. 2004).

Here, the district court made findings as to each factor under Minn. Stat. § 518.552, subd. 2, and ordered Kvaal to pay temporary spousal maintenance for five years in the amount of $2,500 per month. Kvaal challenges the maintenance award on several grounds.

### A. The district court's finding that Highley cannot currently be self-supporting is not clearly erroneous.

Kvaal argues that the district court clearly erred by finding that Highley cannot currently be self-supporting. The district court made several findings as to Highley's inability to be self-supporting: (1) in addition to caring for the children, she had been a full-time student since 2010 and was scheduled to complete her bachelor's degree in biology in the spring of 2014; (2) with only a bachelor's degree in her field, she likely would not be able to secure employment providing sufficient income to support herself and the children while continuing to reside in the St. Cloud area; (3) she presently had little or no monthly earned income and few liquid assets from the property distribution; (4) she intended to continue her education by pursuing a master's degree or doctoral decree; (5) she testified that, as part of her education, she would need to seek an unpaid internship; and (6) five years was "a reasonable amount of time [for Highley] to finish

7

her education and become self-supporting." The district court found that, based on the section 518.552 factors, Highley had "demonstrated her need for spousal maintenance for a fixed period of time to allow [her] to complete her education and become self-sufficient."

Kvaal characterizes Highley as a "lifetime student" and argues that she provided no evidence that she cannot earn an income or that she has undertaken "a reasonable job search." He argues that, because Highley holds two bachelor's degrees and a pilot license, she can work. These arguments are unpersuasive. Highley testified that she holds a private pilot license, not a commercial pilot license, and therefore she cannot be hired for compensation. Highley received a bachelor's degree in graphic design in 1999, but was not able to pursue a career in graphic design once her children were born, making her current employability in this field limited. And, while Highley was expected to obtain a bachelor's degree in biology in the spring of 2014, she explained at trial that she would not be able to receive a competitive salary in the St. Cloud area with only a bachelor's degree in that field. The district court found this testimony credible. *See Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988) (stating that appellate courts defer to the district court's credibility determinations). We conclude that the district court did not clearly err in finding that Highley was currently unable to be self-supporting.

**B.      There is no reversible error in the district court's calculation of the parties' monthly expenses.**

Kvaal argues that the district court clearly erred in its calculation of the parties' reasonable monthly living expenses. In determining spousal maintenance, the district

8

court must consider "the standard of living established during the marriage." Minn. Stat. § 518.552, subd. 2. The district court must calculate the parties' reasonable monthly living expenses based on the marital standard of living. *Lee v. Lee*, 775 N.W.2d 631, 642 (Minn. 2009). At trial, both parties submitted a proposal of their respective monthly expenses. The district court found that the marital standard of living was "modest," noting that both parties had prioritized the children's extracurricular activities in their proposals. The district court found that both proposals were "somewhat inflated," making adjustments to each. Kvaal contends that the district court made several erroneous adjustments and non-adjustments.

First, Kvaal challenges the district court's finding that $921.36 was a reasonable amount for Highley's monthly grocery and household expenses. This was the amount that Highley submitted at trial. Kvaal testified that he handled the parties' finances during the marriage and that a more realistic amount for Highley's monthly grocery and household expenses was $450. In the amended judgment and decree, the district court adopted Highley's figure of $921.36. The district court explained that, when determining Highley's reasonable monthly expenses, it compared Highley's pretrial financial disclosure statement with the financial summary she provided at trial and made adjustments when there was a discrepancy, such as a decrease in her car maintenance expense. Highley's estimate of grocery and household expenses was consistent in the two documents, and the district court implicitly found that $921.36 was a reasonable monthly amount. The district court's finding is not clearly erroneous.

9

Second, Kvaal challenges the district court's adjustments to both parties' charitable contribution expense. In his motion to amend the judgment and decree, Kvaal argued that the district court should have allowed $25 per month for both his and Highley's charitable contributions. The district court disallowed this expense entirely, reasoning that because charitable contributions are tax deductible, it "would be inappropriate to include [them] in consideration of spousal maintenance." Kvaal correctly points out that the parties' income tax returns, which are part of the record on appeal, reflect that they historically deducted the amounts that they contributed to charities. We conclude that Kvaal has failed to show that the district court's disallowance of this expense was clearly erroneous. However, even if there was error, remand would be unnecessary because the effect of any error would be de minimis. *Wibbens v. Wibbens*, 379 N.W.2d 225, 227 (Minn. App. 1985) (declining to remand for de minimis error). The $25 per month charitable contribution expense amounts to less than one percent of each party's reasonable monthly expenses.

Third, Kvaal argues that the district court should not have adjusted the parties' expenses for gifts, telephone, and entertainment because they represent "actual expenses that are not projected or estimated." As for the gifts expense, Highley proposed $50 per month in her budget, but Kvaal did not include gifts in his budget. The district court found that it would be "inappropriate" to include gifts "in consideration of spousal maintenance" and accordingly disallowed gifts from Highley's monthly budget. Because Kvaal prevailed on this issue before the district court, he lacks standing to appeal it. *See*

10

*Twin Cities Metro. Pub. Transit Area v. Holter*, 311 Minn. 423, 425, 249 N.W.2d 458, 460 (1977) ("A party who is not aggrieved by a judgment may not appeal from it.").

As for the telephone expense, the district court reduced Kvaal's monthly telephone budget from $200 to $100 because it found that $200 per month for a single user was "inflated." Kvaal did not object to this reduction in his posttrial motion, and therefore his argument is not properly before this court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

As for the parties' entertainment expense, Highley proposed $25 per month, while Kvaal proposed $250 per month. The district court reduced Kvaal's monthly entertainment budget to $25, finding that this reduction was equitable because it matched Highley's budget. Kvaal offered no evidence at trial that $250 per month was his actual entertainment expense, and therefore we conclude that the district court's finding as to Kvaal's entertainment expense is not clearly erroneous.

Finally, Kvaal claims that the district court clearly erred by disallowing his monthly savings and retirement expenses. Kvaal proposed $368 per month for "Savings/Retirement." The district court found that Kvaal's contributions to savings and retirement were "commendable," but concluded that it would be "inappropriate" to include these contributions "in consideration of spousal maintenance," disallowing these expenses entirely.

The district court has discretion to include savings and retirement expenses in a party's reasonable monthly expenses if such expenses "were an integral part of [the parties'] standard of living during the marriage." *Kampf*, 732 N.W.2d at 634. In *Kampf*,

11

the district court found that the obligee's reasonable monthly expenses included $693 for savings and retirement. *Id.* at 632. This court concluded that the district court did not err by including these expenses because the record showed that the parties had accumulated savings and retirement accounts in excess of $340,000 during the marriage, and the record supported the district court's figure of $693 per month. *Id.* at 634.

Kvaal did not present any evidence at trial that savings and retirement expenses were an integral part of the parties' standard of living during the marriage. The parties did not testify as to the details of their savings and retirement accounts, and the record does not indicate the value of these accounts either during the marriage or at the time of dissolution. We therefore conclude that, on this record, the district court did not clearly err by disallowing monthly savings and retirement expenses claimed in Kvaal's budget.

### C. The spousal maintenance award appears to exceed Highley's reasonable monthly expenses and is inconsistent with Kvaal's ability to meet his own needs.

Kvaal argues that the district court abused its discretion by awarding child support ($1,559) and spousal maintenance ($2,500) to Highley in an amount ($4,059) that exceeds Highley's reasonable monthly expenses as found by the district court ($3,372.57). He asserts that Highley's spousal maintenance award exceeds her monthly expenses by $686.43. A district court's spousal maintenance award should be based on meeting the obligee's needs and should not exceed the amount necessary to that end. *See Lee*, 775 N.W.2d at 642 (remanding for reconsideration of maintenance award that exceeded obligee's needs).

The district court did not address the tax consequences of the maintenance award in the amended judgment and decree, finding that $2,500 was "appropriate in light of all the evidence." Given the district court's lack of findings to account for the $686.43 overage, the district court appears to have awarded Highley more than she reasonably needs to support herself. This case is similar to *Lee*, where the district court found that the obligee's reasonable monthly expenses were $1,950; the district court found that the obligee received monthly income of $1,674.14; it awarded maintenance of $700 per month; and the supreme court remanded for the district court to make appropriate findings to support its award, given the $424.14 overage. *Id.* Because we have no way of knowing whether the district court awarded Highley $686.43 more than her reasonable monthly expenses in order to account for tax consequences, we remand for additional findings on this issue.

Kvaal also argues that the district court erred by (1) calculating his income based on the parties' recent tax returns and (2) using gross income rather than net income to calculate his available income for spousal maintenance purposes. A spousal maintenance determination must balance the financial needs of the obligee and the obligee's ability to meet those needs against the obligor's ability to pay. *Erlandson v. Erlandson*, 318 N.W.2d 36, 39–40 (Minn. 1982); *see also* Minn. Stat. § 518.552, subd. 2.

In his submissions, Kvaal represented that his annual base salary was $71,131, but the parties' tax returns indicated a much higher gross income. Kvaal testified that, in addition to his base salary, he had earned additional income by teaching summer classes, receiving federal grants, giving lectures, and reviewing textbooks. But, he testified that

13

he would be earning less income going forward because enrollment had gone down at the university where he teaches and he had "turned down opportunities for additional salary in the past couple of years" so that he could spend more time with the children.

The district court was not persuaded by Kvaal's testimony of a decrease in income and determined Kvaal's income based on the parties' tax returns from 2009 to 2012. The district court found that Kvaal's average annual income was $118,359.75, which amounted to a gross monthly income of $9,863.31. The district court explained that it based its findings as to Kvaal's income "on the evidence and testimony provided at trial, which overrides [Kvaal's] speculation" as to his anticipated decreased income. Kvaal argues that the district court erred by calculating his income based on the parties' recent tax returns. There is no merit to this contention. The district court was required to calculate Kvaal's current income, not his future anticipated income. *Carrick v. Carrick*, 560 N.W.2d 407, 412 (Minn. App. 1997) (holding district court erred in relying on obligor's anticipated decreased income and district court should have calculated obligor's income at time of trial). If Kvaal's income does in fact decrease, he can move for modification of spousal maintenance, as the district court pointed out. Minn. Stat. § 518A.39, subd. 2 (2014) (providing that terms of maintenance order may be modified upon a showing of obligor's substantially decreased income). The district court did not err by declining to speculate as to Kvaal's future income.

Kvaal's argument that the district court erred by calculating his income available for spousal maintenance purposes based on his gross, rather than net, monthly income has merit. The district court found that Kvaal's reasonable monthly expenses were $3,100. It

14

then subtracted this amount from Kvaal's *gross* monthly income of $9,863.31, finding that Kvaal's "available income" for purposes of calculating child support and spousal maintenance was $6,763.31. The district court then awarded Highley $1,559 per month in child support and $2,500 per month in spousal support. Kvaal points out that the district court failed to account for the income tax liability on his gross income when calculating spousal maintenance. He presents his own tax calculations and asserts that, based on his *net* monthly income, the spousal maintenance award results in a monthly cash shortfall for him.

The district court erred as a matter of law by calculating spousal maintenance based on Kvaal's gross monthly income and failing to take into account his income tax liability. *Kostelnik v. Kostelnik*, 367 N.W.2d 665, 670 (Minn. App. 1985) ("In order to determine ability to pay, the [district] court must make a determination of the payor spouse's net or take-home pay."), *review denied* (Minn. July 26, 1985). Taking into account the income tax liability could significantly affect the amount of Kvaal's income available for maintenance purposes. Kvaal's 2013 paystubs, which list tax and other deductions from his gross income, were received into evidence at trial. But, because the 2013 paystubs detail the income tax liability only on Kvaal's base pay of $71,131, the district court may need to reopen the record to receive evidence as to the income tax liability on Kvaal's imputed gross income of $118,359.75. We reverse the district court's spousal maintenance award and remand for the district court to recalculate the amount of the award based on Kvaal's net monthly income.

15

## III.

Kvaal argues that the district court abused its discretion by not imputing income to Highley when computing Kvaal's child support obligation. A district court order regarding child support will be reversed only if the district court abused its broad discretion "by resolving the matter in a manner that is against logic and the facts on the record." *Bauerly v. Bauerly*, 765 N.W.2d 108, 110 (Minn. App. 2009). We review questions of law relating to support de novo and findings of fact for clear error. *Ludwigson v. Ludwigson*, 642 N.W.2d 441, 446 (Minn. App. 2002); *Guyer v. Guyer*, 587 N.W.2d 856, 858 (Minn. App. 1999), *review denied* (Minn. Mar. 30, 1999). "Whether a parent is voluntarily unemployed is a finding of fact, which we review for clear error." *Welsh v. Welsh*, 775 N.W.2d 364, 370 (Minn. App. 2009).

Generally, "[i]f a parent is voluntarily unemployed, underemployed, or employed on a less than full-time basis, or there is no direct evidence of any income, child support must be calculated based on a determination of potential income." Minn. Stat. § 518A.32, subd. 1 (2014). But, a parent is not considered voluntarily unemployed, underemployed, or employed on a less than full-time basis if his or her "unemployment, underemployment, or employment on a less than full-time basis is temporary and will ultimately lead to an increase in income," or "represents a bona fide career change that outweighs the adverse effect of that parent's diminished income on the child." *Id.*, subd. 3(1)–(2) (2014).

Kvaal repeats his argument that Highley is currently able to earn income because she holds two bachelor's degrees and a private pilot's license. The district court found

that, even though Highley was currently unemployed and not seeking employment, "her training and education will ultimately lead to an increase of her income and also represent[] a bona fide career change that outweighs the adverse short-term effects of her decrease in income." Accordingly, the district court did not impute income to Highley and ordered Kvaal to pay child support in the amount of $1,559 per month. We conclude that the district court did not abuse its discretion by not imputing income to Highley because its finding that she is not voluntarily unemployed, underemployed, or employed on a less than full-time basis is supported by logic and the facts in the record and therefore is not clearly erroneous.

**IV.**

Kvaal argues that the district court abused its discretion by awarding Highley $7,500 in need-based attorney fees. In marital dissolution proceedings,

> the [district] court shall award attorney fees, costs, and disbursements in an amount necessary to enable a party to carry on or contest the proceeding, provided it finds:
> (1) that the fees are necessary for the good faith assertion of the party's rights in the proceeding and will not contribute unnecessarily to the length and expense of the proceeding;
> (2) that the party from whom fees, costs, and disbursements are sought has the means to pay them; and
> (3) that the party to whom fees, costs, and disbursements are awarded does not have the means to pay them.

Minn. Stat. § 518.14, subd. 1 (2014). The supreme court has stated that appellate courts review an award of need-based attorney fees for an abuse of discretion. *Gully v. Gully*, 599 N.W.2d 814, 825 (Minn. 1999). *But see Geske v. Marcolina*, 624 N.W.2d 813, 816

17

n.1 (Minn. App. 2001) (noting a tension in supreme court caselaw regarding whether an attorney fee award under Minn. Stat. § 518.14, subd. 1, is mandatory or discretionary).

At trial, Highley requested need-based attorney fees in the amount of $15,000. In the amended judgment and decree, the district court addressed the three statutory factors. First, the district court found that Highley

> *generally made a good faith assertion of her rights in this proceeding*, but also contributed to the length and expense of the proceeding by offering a substantial amount of testimony, evidence, and arguments in an attempt to prove that [Kvaal] committed domestic abuse against [Highley] . . . , notwithstanding the finding[] of the [c]ustody [e]valuator that . . . "no documented abuse" existed.

(Emphasis added.) Second, the district court found that Kvaal had the means to pay a portion of Highley's attorney fees, although noting that he "incurred significant expense while asserting a good faith defense at trial against [Highley's] allegations of domestic abuse." Finally, the district court found that Highley was unemployed and needed spousal maintenance to meet her necessary expenses. The district court then awarded Highley half of her requested attorney fees, $7,500, to be paid in monthly installments of $1,500.

Kvaal contends that the district court abused its discretion because he incurred "substantial attorney fees" while defending against the domestic abuse allegations, and he "does not have sufficient ongoing funds" to pay the attorney fees. We conclude that the district court did not clearly err in weighing the prolonged expense of the litigation as a result of Highley's domestic abuse allegations with the fact that the attorney fees were "generally" necessary to the good faith assertion of her rights. And, we conclude that the

18

district court did not clearly err in finding that Highley lacks the means to pay the fees. But, as to Kvaal's ability to pay, we have already determined that the district court will need to recalculate spousal maintenance based on Kvaal's actual ability to pay maintenance, and therefore we conclude that the district court's finding that Kvaal has the ability to pay $7,500 in need-based attorney fees is not supported by this record. On remand, the district court must re-determine whether Kvaal has the ability to pay Highley's attorney fees and, if so, in what amount per month.

In summary, we affirm the district court's decision to retain the substance of Highley's domestic abuse related allegations in the amended judgment and decree, and we affirm the district court's child support determination. As to spousal maintenance, we generally find that the district court's determination that Highley is entitled to five years of temporary spousal maintenance is well supported on this record. We affirm the district court's finding that Highley is currently unable to be self-supporting, as well as the district court's adjustments to the parties' reasonable monthly expenses. But, we reverse the amount of the district court's spousal maintenance award because (1) with no explanation in the amended judgment and decree, the amount awarded appears to be greater than Highley's reasonable needs, and (2) the district court erred as a matter of law by calculating Kvaal's ability to pay based on his gross rather than net income. If the new maintenance award, in combination with the child support award, is greater than Highley's reasonable monthly expenses, the district court must include findings to support this determination. In light of the district court's error in overstating Kvaal's ability to pay maintenance, we reverse the district court's award of need-based attorney

fees solely as to the amount of the fees awarded. We remand for the district court to recalculate the amount of spousal maintenance and the amount of the attorney fee award based on Kvaal's net income and actual ability to pay. The district court may reopen the record to the extent that is necessary for a full consideration of these matters.

**Affirmed in part, reversed in part, and remanded.**