*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1515**

In re the Marriage of: Brian Matthew Hood, petitioner,
Appellant,

vs.

Katherine June Downing,
Respondent.

**Filed June 27, 2016
Affirmed
Reyes, Judge**

Hennepin County District Court
File No. 27FA116985

Brian Matthew Hood, Minnetrista, Minnesota (pro se appellant)

James J. Vedder, Moss & Barnett, Minneapolis, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Johnson, Judge; and Bratvold, Judge.

## UNPUBLISHED OPINION

**REYES**, Judge

Appellant-father challenges the district court's child-support-modification order, arguing that the district court erred by disregarding the parties' prior stipulation regarding respondent-mother's income and denying father's request for attorney fees. We affirm.

**FACTS**

Appellant-father Brian Matthew Hood and respondent-mother Katherine June Downing were married in 1999. During their marriage, the parties had three children. Father filed for divorce in 2011. The parties reached an agreement regarding all dissolution issues, and the court adopted the parties' agreement as the judgment and decree, which was entered in 2012.

On August 20, 2014, the parties' parenting consultant rendered a decision which increased father's parenting time.[1] Mother filed a motion in district court requesting that, among other things, the court overturn the parenting consultant's decision. Father filed a responsive motion and a new-issues motion, which included a request that the court modify his child-support obligation to account for the new parenting-time schedule. As part of his motions, father requested that mother provide confirmation that her income did not exceed the amount the parties stipulated she would earn in the judgment and decree. Father also raised the issue of attorney fees, but because of the additional expense associated with having his attorney submit the documentation required for an award of attorney fees, father first inquired as to whether the court would be willing to award attorney fees. Mother filed a responsive motion and affidavit, which included information regarding her current income, and opposed father's request for attorney fees.

On February 20, 2015, the district court filed an order that, among other things: (1) denied mother's motion to overturn the parenting consultant's decision; (2) modified

---

[1] As a result of the parenting consultant's decision, father's parenting time increased from the 10-45% range to above 45%.

father's child-support payments to reflect the revised parenting-time schedule and the parties' current incomes; and (3) denied father's motion for attorney fees. Following this ruling, both mother and father requested that the court grant them permission to file motions to reconsider, which the district court granted on April 6, 2015.

On April 21, 2015, father filed an appeal. In an order filed on May 13, 2015, a special term panel of this court dismissed father's appeal and remanded the matter to the district court to address the motions for reconsideration. The parties each filed written submissions, disputing various aspects of the court's February 20 order. On July 16, 2015, the district court denied both parties' motions to reconsider. In particular, the court reaffirmed its decision to use mother's current income, as opposed to her income as stipulated in the judgment and decree. Father appeals.

## D E C I S I O N

### I. The district court did not abuse its discretion in calculating father's modified child-support obligation.

Father argues that the district court abused its discretion in calculating his modified child-support obligation.[2] We disagree.

"[T]he district court enjoys broad discretion in ordering modifications to child support orders." *Putz v. Putz*, 645 N.W.2d 343, 347 (Minn. 2002). An appellate court "will reverse a district court's order regarding child support only if we are convinced that

---

[2] Initially, father seemingly questions whether the district court applied the correct statute in determining his modified child-support obligation. Father does not develop this argument or cite law in support of it, so we decline to address it. *Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982). Nevertheless, we note that the district court applied the correct legal standard, set forth in Minn. Stat. § 518A.39 (2014 & Supp. 2015).

3

the district court abused its broad discretion by reaching a clearly erroneous conclusion that is against logic and the facts on record." *Id.* We review questions of law relating to child support de novo and findings of fact for clear error. *Ludwigson v. Ludwigson*, 642 N.W.2d 441, 446 (Minn. App. 2002); *Guyer v. Guyer*, 587 N.W.2d 856, 858 (Minn. App. 1999), *review denied* (Minn. Mar. 30, 1999).

Father argues that the district court abused its discretion by calculating his child-support obligation using mother's current income, rather than her stipulated income in the judgment and decree.[3] We are not persuaded. In reaching its conclusion, the district court noted that "the children's interests are implicated by the amount of child support that is paid to provide for them." When a stipulation includes child support, it is afforded less weight because child support requirements relate "to the non-bargainable interest of children" and therefore are "less subject to restraint by stipulation." *Moylan v. Moylan*, 384 N.W.2d 859, 865 (Minn. 1986). Therefore, the district court did not abuse its discretion by deviating from mother's income as stipulated in the judgment and decree to determine father's modified child-support obligation when doing so was in the children's best interests. *See id.*

---

[3] Father also argues that the issue of mother's income was not properly raised and is outside the scope of his motion to modify child support. But father himself put mother's income at issue by requesting information about her current income. Father may not seek to be the sole beneficiary from a deviation between mother's actual income and her income as stipulated in the judgment and decree. And father's initial inability to respond to mother's submission of documentation of her current income was due to the way father raised the issue. We will not fault mother for that. Furthermore, father had other avenues available to him to pursue additional information gathering on the issue of mother's income.

Father further asserts that the district court erred by calculating mother's income based on a less-than-40-hour work week. Father failed to present this argument to the district court. Therefore, because the district court did not have an opportunity to address this issue, we need not address it. *Thiele v. Stitch*, 425 N.W.2d 580, 582 (Minn. 1988). Nevertheless, father's argument is without merit.

Generally, "[i]f a parent is voluntarily unemployed, underemployed, or employed on a less than full-time basis, or there is no direct evidence of any income, child support must be calculated based on a determination of potential income." Minn. Stat. § 518A.32, subd. 1. But a parent is not considered "voluntarily unemployed, underemployed, or employed on a less than a full-time basis" if it "is temporary and will ultimately lead to an increase in income," or "represents a bona fide career change that outweighs the adverse effect of that parent's diminished income on the child." *Id.*, subd. 3(1)–(2) (2014). "Whether a parent is voluntarily unemployed is a finding of fact, which we review for clear error." *Welsh v. Welsh*, 775 N.W.2d 364, 370 (Minn. App. 2009).

The district court found in its July 2015 order that mother's "background was in chemistry," that she "had not worked in that field since 2006," and that mother had "obtained education in psychology beginning in 2010." Thus, the district court implicitly concluded that mother was not voluntarily underemployed because she was going through a bona fide career change.

Finally, father contends that mother's income will increase as she gains training and experience in her new field and that the gross monthly income figure for mother that was used to calculate his child-support obligation does not accurately reflect mother's

earning potential. But the record supports the district court's findings of fact regarding mother's current gross monthly income.[4] Moreover, nothing in this opinion precludes either party from filing a motion to modify child support in the future.

We therefore conclude that the district court did not abuse its discretion in calculating father's modified child-support obligation.

**II.     The district court did not abuse its discretion by denying father's request for conduct-based attorney fees.**

Father also attempted to raise an issue related to attorney fees, but he failed to present any argument in his principal brief regarding attorney fees. We therefore need not address this issue. *Melina*, 327 N.W.2d at 20. Nevertheless, appellant's argument is without merit because the district court's decision with respect to attorney fees was proper.

A district court may award conduct-based attorney fees in a dissolution case against a party who "unreasonably contributes to the length or expense of the proceeding." Minn. Stat. § 518.14, subd. 1 (2014). To award attorney fees under that provision, a district court must identify behavior that occurred during the proceeding that had the effect of unreasonably increasing the proceeding's cost or duration. *Geske v. Marcolina*, 624 N.W.2d 813, 819 (Minn. App. 2001), *review denied* (Minn. Aug. 20,

---

[4] We note that the district court's order appears to contain a clerical error. In its findings of fact, the district court stated that mother's gross monthly income is $2,427. But in calculating father's child support obligation, the court used a gross monthly income figure for mother of $2,897. Because the latter figure, $2,897, was used to calculate the child-support obligation, we conclude that the $2,427 figure recited in the findings of fact was a clerical mistake, which the district court is free to correct. Minn. R. Civ. P. 60.01.

2002).  An award of conduct-based attorney fees is reviewed for an abuse of discretion. *Sanvik v. Sanvik*, 850 N.W.2d 732, 737 (Minn. App. 2014).

Here, the district court found that father was not entitled to conduct-based attorney fees.  The parties' parenting-consultant agreement provided that "[i]f one or both of the parties disagree with the decision of the [parenting consultant], that party must obtain a court hearing date to contest the [parenting consultant's] decision."  Thus, mother used the procedure available to her under the parties' parenting-consultant agreement.  There is no indication that mother unreasonably contributed to the length or expense of the district court proceedings.  Accordingly, the district court did not abuse its discretion by denying father's request for conduct-based attorney fees.

**Affirmed.**